PHILIP J. GRAVES (SBN 153441)
philipg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

Attorneys for Plaintiff
JOSEPH NEEV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH NEEV, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>BAUSCH & LOMB INC., a New York corporation; and TECHNOLAS PERFECT VISION GMBH, a German corporation,<br><br>        Defendants. | No. 8:15-cv-1993<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Neev ("Dr. Neev"), by and through his undersigned attorneys, pleads as follows:

## I. PARTIES

1. Dr. Neev is an individual residing in Laguna Beach, California.

2. On information and belief, Bausch & Lomb Inc. ("Bausch & Lomb") is a corporation organized and existing under the laws of the State of New York, having its headquarters in Rochester, New York.

3. On information and belief, Technolas Perfect Vision GmbH ("Technolas") is a corporation organized and existing under the laws of Germany, having its headquarters in Munich, Germany.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. On information and belief, this Court has personal jurisdiction over Bausch & Lomb for the reasons, among others, that (i) Bausch & Lomb transacts business by selling infringing product in California, (ii) Bausch & Lomb has places of business in Irvine and Rancho Cucamonga, California, and (iii) Bausch & Lomb maintains an agent for service of process in Los Angeles, California.

6. On information and belief, this Court has personal jurisdiction over Technolas for the reason, among others, that (i) Technolas acts through its agent, Bausch & Lomb, to transact business in California, and (ii) Technolas manufactures products with the intention of selling and marketing those products in California through an affiliated company, namely Bausch & Lomb.

7. Venue is proper in this District because (i) Bausch & Lomb and Technolas reside in this District within the meaning of 28 U.S.C. §§ 1391 and 1400(b), and (ii) Bausch & Lomb has committed acts of infringement in this District and has a regular and established place of business in this District.

## III. FACTUAL ALLEGATIONS

**A.   Dr. Neev**

8.     Dr. Joseph Neev is a physicist and an inventor of revolutionary applications of lasers in the ophthalmic, dermatological, dental and cardiovascular fields.

9.     Dr. Neev's career in advancing the use of laser technology to optimize surgical applications began in the late 1980s.  His contributions to augment the use of lasers in medical and other applications is well-recognized in the industry, and can be seen through his numerous publications and his affiliation with reputable institutions such as Lawrence Livermore National Laboratory ("Livermore"), the University of California at Irvine ("UCI"), the Beckman Laser Institute, the University of California at San Diego, the University of California at San Francisco, Cornell University School of Medicine, the University of Texas at Austin, Stanford University's School of Medicine and Duke University's School of Medicine.  As an internationally recognized leader in the field of femtosecond lasers in surgery and medicine, Dr. Neev was asked, in the mid-1990's, to organize the first conference on commercial and biomedical applications of ultrashort pulse lasers and served as the conference chair or co-chair for over a decade.

10.    In the mid and late 1990s, Dr. Neev worked as an assistant professor of surgery at the Beckman Laser Institute and Medical Clinic, which was part of the Department of Surgery at UCI.  At the time, Dr. Neev worked with other University of California scientists at Livermore on research and development projects relating to ultrashort pulse lasers.  Livermore, which was managed by the University of California at the time, is a federally funded research laboratory, entrusted with strengthening the United States' security through the development and application of world-class science and technology.

805943 V1

**B.     The '199 Patent**

11.     Following his departure from UCI, Dr. Neev continued his research concerning medical applications of laser technology.  Dr. Neev's subsequent work has resulted in the issuance of at least 15 U.S. Patents covering various laser, light and heat-based biomedical applications.  Among these is U.S. Patent No. 6,482,199 (the "'199 Patent"), entitled "Method and Apparatus for High Precision Variable Rate Material, Removal and Modification," which was issued to Dr. Neev by the U.S. Patent and Trademark Office on November 19, 2002.

12.     Dr. Neev is the sole inventor and owner of the '199 Patent, and holds all right, title and interest in and to the '199 Patent.

**C.     The VICTUS Femtosecond Laser Platform**

13.     Bausch & Lomb imports the VICTUS Femtosecond Laser Platform into the United States and markets and sells the VICTUS Femtosecond Laser Platform in the United States, and does so as the agent of and on behalf of Technolas.

14.     On information and belief, Technolas imports the VICTUS Femtosecond Laser Platform into the United States and markets and sells the VICTUS Femtosecond Laser Platform in the United States through its US agent, Bausch & Lomb.

15.     The VICTUS Femtosecond Laser Platform is an ophthalmic surgical laser with at least the following indicated uses:

- The creation of a corneal flap in patients undergoing LASIK surgery or other treatment requiring initial lamellar resection of the cornea;
- Anterior capsulotomy during cataract surgery;
- The creation of cuts/incisions in the cornea in patients undergoing cataract surgery or other ophthalmic treatment requiring cuts / incisions in the cornea;
- The creation of penetrating arcuate cuts/incisions in the cornea in patients undergoing cataract surgery or other ophthalmic treatment requiring penetrating arcuate cuts/incisions in the cornea;

- 3 -

805943 V1

- Laser-assisted lens fragmentation of nuclear cataracts during cataract surgery, not for fragmentation of posterior subcapsular (PSC) and cortical cataracts.

16. On information and belief, the VICTUS Femtosecond Laser Platform is used to selectively ablate and/or modify eye tissue.

17. On information and belief, the VICTUS Femtosecond Laser Platform operates with a pulse duration in the approximate range from 290 femtoseconds to 550 femtoseconds.

18. On information and belief, the VICTUS Femtosecond Laser Platform operates with a pulse repetition rate of 80 kilohertz (cataract surgery), or 160 kilohertz (LASIK flap).

19. On information and belief, when the VICTUS Femtosecond Laser Platform is used for an indicated use, laser energy is directed at and below the surface of the eye, creating incisions or tunnels in the cornea as well as a plurality of cavitation bubbles below the surface of the eye.

20. On information and belief, when the VICTUS Femtosecond Laser Platform is used for an indicated use, an absorption and/or scattering characteristic of the material of the target region of the eye is varied, for example, as a result of the application of suction to the eye by a patient interface.

21. On information and belief, certain parameters of the VICTUS Femtosecond Laser Platform, such as the pulse duration and pulse energy, may be or have been manipulated such that a deposited volumetric power density of the beam within a target region of the eye is greater than the threshold volumetric power density.

22. On information and belief, when the VICTUS Femtosecond Laser Platform is used for an indicated use, ablation or other modification of eye tissue occurs as a result of the interaction of laser energy with eye tissue.

- 4 -

805943 V1

# COUNT I

## INFRINGEMENT OF THE '199 PATENT

### (Against Bausch & Lomb and Technolas)

23. Dr. Neev restates and incorporates by reference his previous allegations above, as if fully set forth herein.

24. Bausch & Lomb and Technolas have infringed and continues to infringe one or more claims of the '199 Patent by making, using, selling or offering to sell in the United States and/or by importing into the United States the VICTUS Femtosecond Laser Platform.

25. Bausch & Lomb and Technolas have induced and continue to induce infringement of one or more claims of the '199 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the VICTUS Femtosecond Laser Platform. Bausch & Lomb has known of the '199 Patent since at least 2008, when Dr. Neev corresponded and met with representatives of Bausch & Lomb in California and at Bausch & Lomb's laser division headquarters in Germany and informed them of the '199 Patent. Technolas has known of the '199 Patent since at least January 2013, when it was acquired by Bausch & Lomb or an affiliate of Bausch & Lomb. Bausch & Lomb and Technolas have known or acted with willful blindness to the likelihood that the use of the VICTUS Femtosecond Laser Platform by ophthalmic surgeons infringes the '199 Patent.

26. The VICTUS Femtosecond Laser Platform is configured such that the use of the lasers for eye surgery constitutes infringement, and Bausch & Lomb and Technolas instruct and encourage users to use the infringing laser for eye surgery.

27. With respect to the VICTUS Femtosecond Laser Platform, Bausch & Lomb's website and marketing materials state, among other things:

- "*VICTUS*, the industry-leading femtosecond laser that provides exceptional performance across cataract and corneal applications takes versatility to a new level. This single laser platform enables surgeons to

- 5 -

805943 V1

perform capsulotomies, fragmentation, arcuate incisions, corneal incisions, and LASIK flaps.  *VICTUS* is engineered to meet the standards of the clinician who truly embraces innovation."

- "The VICTUS platform is cleared for creation of a corneal flap in patients undergoing LASIK surgery or other treatment requiring initial lamellar resection of the cornea, and for anterior capsulotomy during cataract surgery."

28. Bausch & Lomb and Technolas intend that the infringing product be used in a manner that infringes the '199 Patent.  Technolas obtained FDA approval for infringing uses and Bausch & Lomb markets the product for infringing uses.  On information and belief, Bausch & Lomb and Technolas directly or indirectly create and provide manuals, brochures and other documentation instructing and enabling infringing uses.

29. Bausch & Lomb and Technolas have contributed to and continue to contribute to infringement of one or more claims of the '199 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the VICTUS Femtosecond Laser Platform.  The infringing product embodies a material part of the claimed invention of the '199 Patent, and Bausch & Lomb and Technolas know that the product is especially made or adapted for uses that infringe the '199 Patent.  The infringing product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

30. Bausch & Lomb and Technolas's infringement of the '199 Patent has been and continues to be willful.  Bausch & Lomb has known of the '199 Patent since at least 2008, and Technolas has known of the '199 Patent since at least 2013.  Bausch & Lomb and Technolas knew or should have known that the VICTUS Femtosecond Laser Platform infringes the '199 Patent, and they have proceeded despite an objectively high likelihood that a court would find the product to be infringing.

- 6 -

805943 V1

1  31. Neither Bausch & Lomb nor Technolas now has or has ever had a license under the '199 Patent.

32. Dr. Neev has sustained significant damages as a direct and proximate result of Bausch & Lomb and Technolas's infringement of the '199 Patent.

33. Dr. Neev will suffer and is suffering irreparable harm from Bausch & Lomb and Technolas's infringement of the '199 Patent. Dr. Neev is entitled to an injunction against Bausch & Lomb and Technolas's continuing infringement of the '199 Patent. Unless enjoined, Bausch & Lomb and Technolas will continue their infringing conduct.

34. Bausch & Lomb and Technolas's infringement of the '199 Patent is exceptional and entitles Dr. Neev to attorneys' fees and costs incurred in prosecuting this action.

## RELIEF REQUESTED

WHEREFORE, Dr. Neev prays that the Court enter judgment as follows:

A. That Bausch & Lomb and Technolas have infringed and continues to infringe the '199 Patent and that the '199 Patent is not invalid and is enforceable;

B. Awarding Dr. Neev damages adequate to compensate him for Bausch & Lomb and Technolas's infringement of the '199 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the claimed inventions by them;

C. Awarding a preliminary and permanent injunction restraining and enjoining Bausch & Lomb and Technolas, and their officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further manufacture, use, sales, offers to sell, or importations of any and all of the products and services identified above;

D. Trebling all damages awarded to Dr. Neev under the '199 Patent;

- 7 -

805943 V1

E.	Finding this case exceptional and awarding to Dr. Neev his reasonable attorneys' fees incurred in prosecuting his claims for patent infringement;

F.	Costs and interest;

G.	Such other relief as the Court determines to be just and proper.

DATED: November 30, 2015		HAGENS BERMAN SOBOL SHAPIRO LLP


By:	*/s/ Philip J. Graves*
	Philip J. Graves (SBN 153441)
philipg@hbsslaw.com
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Telephone:  (213) 330-7150
Facsimile:  (213) 330-7152

Counsel for Plaintiff
JOSEPH NEEV

- 8 -

805943 V1

**DEMAND FOR JURY TRIAL**

Dr. Neev requests a jury trial for all issues triable to a jury.

DATED: November 30, 2015      HAGENS BERMAN SOBOL SHAPIRO LLP


By:   */s/ Philip J. Graves*
        Philip J. Graves (SBN 153441)
philipg@hbsslaw.com
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Telephone:  (213) 330-7150
Facsimile:  (213) 330-7152

Counsel for Plaintiff
JOSEPH NEEV